Wanamaker, J.
John Brozich was tried in the court of common pleas of Cuyahoga county on an indictment charging burglary and larceny in one Count. He was found guilty and sentenced to the Ohio -Penitentiary for a period of not less than two years. The indictment was in the usual form, charging that he broke into and entered a certain storehouse situated in Cuyahoga county, belonging to one Hyman Shainker, with intent then and there to steal the personal goods and property of said Hyman Shainker, and that said John Brozich did steal and carry away nine “rungs” to the value of $360. Error was prosecuted to the Court of Appeals, the chief error complained of being that there was a fatal variance between the indictment, by reason of the use of the word “rungs” in the formal charge presented by the indictment, and the proof, as shown by the evidence, which was to the effect that, in connection with said burglary, nine rugs had been stolen, of the value of $360. The Court of Appeals found such variance fatal to the *561 conviction and reversed the judgment of the court of common pleas. By leave of this court that judgment is now here for review.
It is conceded, and must be, under the record, that the variance complained of could in no wise affect the burglary. Indeed, it was quite unnecessary that any property whatsoever should be stolen in order to constitute burglary. The only element of larceny necessary to a charge of burglary is an intent to steal, not the actual stealing. Hence, upon the burglary charge, it is self-evident that the Court of Appeals was wrong in reversing the judgment below.
Now, as to the claimed variance touching the charge of larceny: The general subject of indictment in criminal cases is dealt with at great length by the General Assembly of Ohio in Section 13581, General Code, which reads:
“An indictment shall not be invalid, and the trial, judgment or other proceeding stayed, arrested or affected by the omission of the words ‘with force and arms’, or words of similar import, or the words ‘as appears by the record’; or for omitting to state the time at which the offense was committed, in a case in which time is not of the essence of the offense; or for stating the time imperfectly; of for want of a statement of the value or price of a matter or thing or the amount of damages or injury, where the value or price or the amount of damages or injury is not of the essence of the offense; or for the want of an allegation of the time or place of a material fact, when the time and place have once been stated therein; or that dates and numbers are represented by figures; or for an omission to al *562 lege that the grand jurors were impaneled, sworn or charged; or for surplusage or repugnant allegation when there is sufficient matter alleged to indicate the crime and person charged; or for want of averment of matter not necessary to be proved; or for other defects or imperfections which do not tend to prejudice the substantial rights of the defendant upon the merits.”
It is obvious that the latter part of the section, dealing particularly with the subject of variance, is the only part involved in this case.
Section 13582 also goes much into detail, as follows :
“When, on the trial of an indictment, there appears to be a variance between the statement in such indictment and the evidence offered in proof thereof, in the Christian name or surname, or both or other description of a person therein named or described or in the name or description of a matter or thing therein named or described, such variance shall not be ground for an acquittal of the defendant, unless the court before which the trial is had, finds that such variance is material to the merits of the case or may be prejudicial to the defendant.”
The particular part of this section involved in this case is the clause, “in the name or description of a matter or thing therein named or described.” The “name” or “description” of the personal property is here given as “rungs,” whereas it is conceded that it should have been “rugs.” The evidence all relates to “rugs,” and unless the indictment was fatal because of the typographical trick of the typewriter in inserting or injecting the letter “n,” then the conviction below should stand.
*563 The particular reason given by the Court of Appeals for reversal, as appears from the briefs, was this:
“If a future indictment were returned against the same defendant for the larceny of $360 worth of ‘rugs’ and a trial had thereon, the defendant would have no record sufficient to establish a bar against the prosecution, trial and possible conviction upon an indictment for stealing the ‘rugs.’ ”
The learned Court of Appeals evidently fell into an error touching this reason, because the whole record does clearly show, for the record is not made up solely of the indictment, but of the evidence as well, that the only property charged as having been stolen was “rugs.” The evidence would be available on such a plea of former jeopardy and would be conclusive in determining the technical trifling error of the insertion of the letter “n,” which was purely inadvertent and was in no wise material to the merits of the case or “prejudicial” to the defendant.
To hold that the injection of the letter “n” in the word “rugs” vitiated the indictment and the conviction would be exaggerating technical error to such a degree that convictions for crime would be well-nigh impossible, for it rarely occurs in a hotly contested trial that some trifling or technical error of law in the abstract does not occur. It would seem unnecessary to cite many authorities to sustain this obvious commonsense proposition, but probably no case is more in point than Lytle v. State, 31 Ohio St., 196.
Judge Gilmore, in the opinion, at page 198 of 31 Ohio St., declares the well-settled law upon this question of variance:
*564 “Under the law, as it formerly stood, the allegations of the indictment, as to the judicial tribunal before which the alleged proceedings were had, and the title of the cause in which the oath was administered, and the false testimony given, were essentially descriptive of the offense; and previous to the adoption of our Code of Criminal Procedure, the state would have been required to prove them strictly as alleged; and a variance between the allegations of the indictment, as to matters of description, and the testimony on the trial, in either of these respects, would have been fatal. (1 Greenleaf’s Ev., Section 56 et seq.)
“But, under the provisions of our Criminal Code, such variance is not necessarily fatal, and will not be so 'unless the court before which the trial shall be had shall find that such variance is material to the merits of the case, or may be prejudicial to the defendant.’ (66 Ohio Laws, 301, Sec. 91.)
“This abrogates, in our state, the rule of evidence on the subject of variance, in matters of description, between the allegation and proof. Instead of looking to the rules of evidence to ascertain whether there is a variance between the allegations of the indictment and the evidence offered, the court now looks at the case as it stands before it; and if there are variances between the allegations and the proof offered, the defendant, for that reason alone, must not be acquitted, unless, in the opinion of the court, the variance is material or may be prejudicial to the defendant. The opinion of the court, in this respect, is now substituted for the former rule of evidence on the subject.”
This case was cited with approval in Burdge v. *565 State, 53 Ohio St., 512, 42 N. E., 594. In the opinion, at page 514 of 53 Ohio St., at page 595 of 42 N. E., Minshall, C. J., says:
“The rules of the common law as to the effect of a variance seemed rather to facilitate the escape of the guilty than to protect the innocent as they were designed to do. Hence, it is now provided by statute, among other things, that when, on the trial of an indictment, there appears a variance between the indictment and the evidence ‘in the name or description of any matter or, thing therein named or described, such variance shall not be deemed ground for an acquittal of the defendant, unless the court before which the trial is had, find that such variance is material to the merits of the case, or may be prejudicial to the defendant.’ This preserves to the defendant all that he is entitled to on the ground of a variance, without in any way imperiling the rights of the innocent. The court must determine in the first instance, whether the variance, if there is one, is material to the merits of the case, or may be prejudicial to the defendant. We must presume that the court did so, and held the variance, if one, to be neither material to the merits nor prejudicial to the defendant, in admitting the instrument in evidence. It is true that its action in this regard may be reviewed on error.”
This same doctrine is quoted with approval in State v. Turnbaugh, 79 Ohio St., 63, 85 N. E., 1060. One of the latest cases dealing with variance between proof and pleading is State v. Schaeffer, 96 Ohio St., 215, 117 N. E., 220, L. R. A., 1918B, 945, Ann Cas., 1918E, 1137, where substantially the same doctrine is upheld, and the holding in Goodlove v. *566 State, 82 Ohio St., 365, 92 N. E., 491, 30 L. R. A. (N. S.), 134, 19 Ann. Cas., 893, is expressly disapproved upon the subject of variance.
We find no variance materially affecting the substantial rights of the defendant or in any wise prejudicial to it. The judgment of the Court of Appeals is therefore reversed and the judgment of the court of common pleas is affirmed.

Judgment reversed.

Markttalt,, C. J., Jones, Matthias, Day and Allen, JJ., concur.